| | |
|---|---|
| 1 | Erica T. Loftis, SBN 259286 |
| 2 | Dane W. Exnowski, SBN 281996 |
| 3 | Buckley Madole, P.C. |
|   | 301 E. Ocean Blvd., Suite 1720 |
| 4 | Long Beach, CA 90802 |
|   | Telephone: 562-983-5365 |
| 5 | BK.CA@BuckleyMadole.com |

Erica T. Loftis, SBN 259286
Dane W. Exnowski, SBN 281996
Buckley Madole, P.C.
301 E. Ocean Blvd., Suite 1720
Long Beach, CA 90802
Telephone: 562-983-5365
BK.CA@BuckleyMadole.com

Attorney for U.S. Bank National Association, Not In Its Individual Capacity But Solely as Trustee For NRZ Pass-Through Trust VII

## UNITED STATES BANKRUPTCY COURT

### FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| In re:<br><br>Ana Hilda Herrera,<br><br><br><br><br><br><br><br><br><br>Debtor. | Case No. 17-00209-MM13<br><br>Chapter 13<br><br>**STIPULATION FOR ADEQUATE PROTECTION RE: MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Hearing:<br>Date:   September 12, 2017<br>Time:   2:00 PM<br>Place:  Room 218<br>         325 West F Street<br>         San Diego, CA 92101 |

**TO THE HONORABLE MARGARET M. MANN, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, DEBTOR'S COUNSEL, THE TRUSTEE, AND OTHER INTERESTED PARTIES:**

A Motion for Relief from the Automatic Stay (the "Motion") was noticed in the within matter and filed by U.S. Bank National Association ("Movant"). A hearing on the above-referenced motion was held at the date, time and place set forth above. Appearances were noted on the record.

Movant and Debtor, by and through attorneys of record, have conferred and hereby stipulate for adequate protection as follows:

///

///

**IT IS HEREBY STIPULATED:**

1. This Stipulation affects the real property commonly known as 1903 Parrot St, San Diego, California 92105 (the "Property").

2. The Debtor shall make regular monthly payments in the amount of $1,367.19 commencing September 1, 2017. The amount of these payments may be subject to change under the terms of the parties' original agreements. All payments due Movant hereunder shall be paid to Movant at the following address:

>Nationstar Mortgage LLC
>PO Box 619094
>Dallas, Texas 75261-9741

3. The Debtor shall cure the post-petition default computed through August 11th 2017 in the sum of $6,819.15 as follows:

   a. In equal monthly installments of $1,136.52 each commencing September 15, 2017 and continuing thereafter through and including January 15, 2018.

   b. By paying the sum of $1,136.55 on or before February 15, 2018.

4. The Debtor shall maintain insurance coverage on the property and shall remain current on all taxes that fall due post-petition with regard to the property.

5. Upon any default in the foregoing terms and conditions, Movant shall serve written notice of default to Debtor, and any attorney for Debtor. If Debtors fails to cure the default within 10 days after mailing of such written notice, Movant shall give telephonic notice to any attorney for Debtor and may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the Court may grant without further notice or hearing.

6. Notwithstanding anything contained herein to the contrary, the Debtor shall be entitled to a maximum of three (3) notices of default and opportunities to cure pursuant to the preceding paragraph. Once Debtor have defaulted this number of times on the obligations imposed by this Order and has been served with this number of notices of default, Movant shall be relieved of any obligation to serve additional notices of default and provide additional opportunities to cure. If an event of default occurs thereafter, Movant shall be entitled, without first serving a notice of default and providing the Debtor

with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform hereunder, together with a proposed order terminating the stay, which the Court may enter without further notice or hearing.

7. The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, the foregoing terms and conditions shall cease to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Property and/or against the Debtor.

8. If Movant obtains relief from stay based on Debtor's defaults hereunder, the order granting that relief shall contain a waiver of the 14-day stay created by Federal Rule of Bankruptcy Procedure 4001(a)(3) and shall terminate the co-debtor stay of 11 U.S.C § 1301.

9. Movant may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which it would otherwise have been entitled under applicable non-bankruptcy law.

**SO STIPULATED:**

Dated: 08/31/2017

Janet Gutierrez
Attorney for Debtor
Ana Hilda Herrera

Dated: 9/5/2017

Dane W. Exnowski
Attorney for Movant
U.S Bank National Association